UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**WARRICK LASHAWN LEVY,**

                **Petitioner,**

**-vs-**                                              **Case No.  2:07-cv-49-FtM-29DNF**
                                                          **2:01-cr-86-FtM-29DNF**

**UNITED STATES OF AMERICA,**

                **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This cause is before the Court on the Petitioner, Warrick Lashawn Levy's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) filed on January 26, 2007.  On February 20, 2008, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 7) which referred the Petitioner's Motion to Vacate, Set Aside Or Correct Sentence "for the purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition" of the issue of whether the Petitioner's "attorney threatened and coerced him into affirming his guilty plea at the sentencing hearing when the Court gave him the opportunity to withdraw the guilty plea."  (Doc. 7, p. 1).  An evidentiary hearing was held on May 14, 2008, and the evidence was limited to this issue.  The Court appointed attorney John Fernandez to represent the Petitioner.

**I. History of Case**

The Petitioner was charged in a one count Indictment with possessing with intent to distribute fifty (50) grams or more of a substance containing cocaine base, crack cocaine in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A)(iii). (See, Doc.1 in 2:01-cr-86). Landon Miller was retained as Petitioner's trial counsel. The Petitioner entered a plea of guilty on December 5, 2001. (See, Doc. 24 in 2:01-cr-86). His plea of guilty was accepted and he was adjudicated guilty as to Count 1. (See, Doc. 28, in 2:01-cr-86). He was sentenced on March 7, 2002, to 262 months of incarceration, and 60 months of supervised release. A Judgment (Doc. 32, in 2:01-cr-86) was entered on March 7, 2002. The Petitioner appealed his conviction and sentence which was affirmed by the Eleventh Circuit Court of Appeals on November 8, 2004.[1] (See, Doc. 53, in 2:01-cr-86).

**II. Transcripts of the Plea and Sentencing**

On December 5, 2001 the Court held a change of plea hearing. (Trans. of Guilty Plea[2], p. 2). This Court asked the Petitioner at the time he was entering a plea of guilty if he was satisfied with his counsel, and he stated he was. (Trans. of Guilty Plea, p. 5). The Court asked if there had "been threats or coercion or improper pressure of any kind placed upon you to plead guilty?" (Trans. of

---

[1] Recently, on March 21, 2008, the District Court entered an Opinion and Order (Doc. 57 in 2:01-cr-86) which granted a reduction in sentence in light of Amendment 706 to the United States Sentencing Guidelines which reduced the base offense level for cocaine base offenses by two levels. The Court directed the Clerk to enter and Amended Judgment reducing the sentence imposed to 210 months imprisonment and leaving all other components of the sentence as originally imposed. (Doc. 57 in 2:01-cr-86). An Amended Judgment (Doc. 58 in 2:01-cr-86) was entered on March 26, 2008, with an imprisonment of 210 months. (Doc. 58 in 2:01-cr-86).

[2] The Transcript (Doc. 27 in 2:02-cr-86) of the guilty plea was filed on December 20, 2001.

Guilty Plea, p. 6). The Petitioner responded, "No, Sir." The Court also asked if the Petitioner believed that there were "any verbal promises or representations that have been made to you which are not contained in writing anywhere" . . . "that are having a bearing on your pleading guilty today?" (Trans. Guilty Plea, p. 6). The Petitioner again responded no. (Trans. Guilty Plea, p. 6). The Court continued and asked, "So you have no agreements whatsoever with the Government?" (Trans. Guilty Plea, p. 6). Again, the Petitioner responded "no." (Trans. Guilty Plea, p. 6). The Court informed the Petitioner that even if he did "anything that might provide for the Court to give you a lesser sentence, do you understand that the Court may choose to ignore any recommendations made in that regard?" (Trans. Guilty Plea, p. 7). The Petitioner responded, "Yes, sir." (Trans. Guilty Plea, p. 7). The Petitioner was informed by the Court that if he were convicted of the crime alleged, he would be facing a mandatory minimum of ten years up to a maximum of life without parole. (Trans. Guilty Plea, p. 8). The Court asked if his counsel explained the guideline range he was facing but cautioned the Petitioner that his criminal history was an important factor in determining the guidelines and that his attorney could not be specific as to the guideline range until he had seen the Presentence Report. (Trans. Guilty Plea, p. 9). The Petitioner stated, "Yes, sir." (Trans. Guilty Plea, p. 9). Importantly, the Court informed the Petitioner "that you understand that you won't be able to withdraw your plea of guilty on the ground that any prediction he [his attorney] made as to the guideline range proves to be inaccurate." (Trans. Guilty Plea, p. 9). Again, the Petitioner responded, "Yes, sir." (Trans. Guilty Plea, p. 9-10). The Court also asked counsel if there were any "verbal promises or representations that have been made in this case that aren't contained in writing, memorialized somewhere?" (Trans. Guilty Plea, p. 10). Both counsel responded that there were none. (Trans. Guilty Plea, p. 10).

On March 4, 2002, the Honorable John E. Steele, United States District Judge held the sentencing hearing. (Trans. Sent.[3], p. 3). The hearing began with a discussion concerning a letter sent from the Petitioner to Judge Steele. Judge Steele summarized the contents of the letter and stated that the letter included several issues. The first issue discussed was that the Petitioner was told by his attorney that he was going to get five or six years imprisonment. In response to this issue Judge Steele stated, "That is not within the realm of possibility as I see the Presentence Report. And if that was true, I would give the defendant the opportunity to withdraw his plea of guilty and proceed to trial." (Trans. Sent., p. 3). Mr. Miller then represented to the Court that he never said that the Petitioner would receive five or six years imprisonment. (Trans. Sent., p. 3). Judge Steele addressed the Petitioner, "Mr. Levy, according to your letter, you say that your attorney has told you you're going to get five to six years' imprisonment. That's not going to happen. Under the guidelines that's simply not possible. If you plead guilty thinking you're going to get five or six years, as I said, that's not going to happen." (Trans. Sent. p. 4). Mr. Miller and the Petitioner conferred off the record. (Trans. Sent. p. 4). Judge Steele then continued, " I'm prepared not to have the hearing and just assume what you said is true, set aside your guilty plea and we'll go to trial and whatever happens, happens. Or, if you wish, understanding that is not an accurate prediction, you may affirm your guilty plea and we will proceed with sentencing. The choice will be up to you. Do you understand those things?" (Trans. Sent. p. 4). The Petitioner responded, "Yes, sir." (Trans. Sent. p. 4). Again, the Petitioner conferred with his attorney. (Trans. Sent. p. 5).

The following conversation occurred after the Petitioner conferred with his attorney.

THE DEFENDANT: I'm going to go ahead and go forward with it.

---

[3] The Transcript (Doc. 51 in 2:01-cr-86) was filed on June 4, 2002.

| | |
|---|---|
| THE COURT: | Tell me what that means. Do you want to withdraw your guilty plea? |
| THE DEFENDANT: | No. |
| THE COURT: | You want to affirm that you are guilty? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You want to continue with the sentencing? That is, you want me to proceed with the sentence, to impose sentence? |
| THE DEFENDANT. | Yes, sir. |
| THE COURT: | You understand that if you decide not to withdraw your guilty plea, you'll be waiving or giving up any legal issue that may have resulted because of this? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | In other words, I can fix your complaint now. If you take me up on it, you can't raise it later on a habeas challenge or anything like that. Do you understand? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You still wish to proceed with the sentencing phase? |
| THE DEFENDANT: | Yes, sir. |

(Trans. Sent. p. 5-6).

Judge Steele then proceeded with the sentencing. He asked the Petitioner if he had an opportunity to read the Presentece Report and he responded that he did. Then Judge Steele asked the following, "Have you also had the opportunity to discuss the contents with your attorney?" (Trans. Sent. p. 6). The Petitioner responded, "Yes, sir." (Trans. Sent. p. 6). Judge Steele asked the Petitioner again if he had both read the Presentence Report and discussed it with his attorney and the Petitioner responded again that he had. (Trans. Sent. p. 6). Mr. Miller also testified that he read the Presentence Report and discussed it with the Petitioner. (Trans. Sent. p. 6).

Mr. Miller filed two objections to the Presentence Report regarding the "victim related adjustment" and the "reckless endangerment during flight adjustment." (Trans. Sent. p. 7). An evidentiary hearing was held on these issues. (Trans. Sent. p. 10-14). In the middle of the evidentiary hearing, the prosecutor informed the Court that the Petitioner wished to withdraw his objections to the Presentence Report. The following occurred:

| | |
|---|---|
| THE COURT: | All right. Come up to the podium. Mr. Levy, we're in the middle of an evidentiary hearing based upon your objections. I'm perfectly willing to continue with the hearing and resolve any objections, both legally and factual disputes. Your attorney has indicated that you wish to withdraw those objections. Is that what you wish to do? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You certainly have a right to withdraw the objections. I want to make sure that you understand that if you do withdraw the objections, basically that means the presentence report as prepared will be accepted by the Court including these particular enhancements. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | That will have an impact of increasing your possible sentence. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has anyone made any promises in order to have you withdraw your objections? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Has anyone done anything to threaten or force or coerce you to withdraw the objections? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Is it your own independent decision to withdraw those objections? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Are you doing that because you think that's in your best interest? |
| THE DEFENDANT: | Yes, sir. |

(Trans. Sent. p. 14-16). The Court then allowed the Petitioner to withdraw his objections to the Presentence Report. (Trans. Sent. p. 16). Mr. Miller argued that the Petitioner should be sentenced at the low end of the guidelines, and the prosecutor had no objection to the Petitioner's request. (Trans. Sent. p. 18).

**III. Testimony from Evidentiary Hearing**

The Government presented the testimony of Landon Miller and the Petitioner testified in his behalf.

### A. Testimony of Landon Miller

Mr. Miller testified that he is an attorney and represented the Defendant in 2001 for his plea of guilty and at sentencing. (Trans. Evid. Hrg.[4] p. 4). Normally after a Presentence Report is prepared, it is Mr. Miller's practice to meet with his clients. (Trans Evid. Hrg. p. 14, 23). Mr. Miller objected to the Presentence Report regarding two issues, one was an assault on law enforcement, and one was endangering the public. (Trans. Evid. Hrg. p. 4-5). In this case, even though Mr. Miller did not recall meeting with the Petitioner, he testified it is his practice to meet with the client and he would not have been able to file the objections without first consulting with his client as the objections were based upon a factual dispute at the time of the arrest. (Trans. Evid. Hrg. p. 14, 23). The Petitioner was sentenced to 262 months which was at the low end of the guidelines. (Trans. Evid. Hrg. p. 4). Mr. Miller withdrew from representation on March 27, 2002. (Trans. Evid. Hrg. p. 5).

The central discussion as to the issues raised by the Petitioner revolve around the discussion between the Petitioner and Mr. Miller at the sentencing hearing. (Trans. Evid. Hr. p. 5). Mr. Miller recalled having conversations with the Petitioner at the sentencing hearing. (Trans. Evid. Hrg. p. 6). They discussed the likelihood that the Petitioner would prevail at trial, and that if he lost at trial, that he would be facing 360 months to a life sentence, and probably receive a life sentence. (Trans. Evid. Hrg. p. 6). Mr. Miller's strategy was to enter a plea without a plea agreement so that the two objections to the Presentence Report would be preserved for appeal. (Trans. Evid. Hrg. p. 7).

Mr. Miller testified that he did not threaten the Petitioner that if he failed to continue with his plea that he would no longer represent him; that he would use all of his resources to make sure the

---

[4] "Trans. Evid. Hrg." refers to the Transcript (Doc. 15 in 2:07-cv-49) of the evidentiary hearing held on May 14, 2008.

Petitioner received a life sentence; or that he would be the Petitioner's worst nightmare. (Evid. Hrg. p. 5, 6, 8-9). At most, Mr. Miller testified that he may have pressed the Petitioner not to withdraw his plea of guilty as it was in the Petitioner's best interest not to go to trial, lose, and receive a life sentence. (Trans. Evid. Hrg. p. 18-19). Further, Mr. Miller testified that if the case were to go to trial, based upon the facts, the Petitioner would have to testify which might cause his prior felony drug convictions to be admissible. (Trans. Evid. Hrg. p. 9, 19-20). He recalls telling the Petitioner that if the Petitioner continued with his plea, that the prosecutor represented that he would not object to the Petitioner being sentences at the low end of the guidelines. (Trans. Evid. Hrg. p. 9, 17-18).

Mr. Miller did not tell the Petitioner that he would be facing five or six years incarceration. (Trans Evid. Hrg. p. 6-7, 16). Mr. Miller did tell the Petitioner that he might be eligible for a reduction in his sentence for cooperation and he may have said that the reduction might be five or six years off his sentence. (Trans. Evid. Hrg. p. 7, 15). This cooperation was contingent upon the Drug Enforcement Agency allowing the Petitioner to cooperate, which did not occur. (Trans. Evid. Hrg. p. 7-8). Mr. Miller testified that the situation was stressful during his conversations with the Petitioner in court.

### B. Testimony of Warrick Levy

The Petitioner testified that after his arrest on these charges, his girlfriend hired Landon Miller to represent him. (Trans. Evid. Hrg. p. 26). She paid Mr. Miller $2500.00 but never paid Mr. Miller the balance that was owed. (Trans. Evid. Hrg. p. 26). The Petitioner testified that he noticed a change in Mr. Miller after no further payments were being made. (Trans. Evid. Hrg. p.27). The Petitioner stated that Mr. Miller never took his calls. (Trans. Evid. Hrg. p. 27).

The Petitioner testified that he had two possibly three meetings with Mr. Miller. (Trans. Evid. Hrg. p. 27, 30). The first meeting was to discuss representation and the retainer fee. (Trans. Evid. Hrg. p. 27). He thought at the first or second meeting that Mr. Miller told him that if he entered a plea, he would receive a five or six year sentence. (Trans. Evid. Hrg. p. 29-30-31). The Petitioner thought he would get a five or six year sentence because he had never been in jail before and did not have a bad record. (Trans. Evid. Hrg. p. 31). He testified that he received the Presentence Report in the mail, and Mr. Miller never discussed the Presentence Report with him. (Trans. Evid. Hrg. p. 32, 45). The only discussion the Petitioner recalls is that Mr. Miller said on the telephone that he would come and discuss the Presentence Report, but never did. (Trans. Evid. Hrg. p. 32). The Petitioner knew that Mr. Miller filed two objections to the Presentence Report but he did not recall when he told Mr. Miller about these objections. (Trans. Evid. Hrg. p. 33, 46). He did write a letter to Judge Steele telling him that Mr. Miller told him he was facing five or six years incarceration. (Trans. Evid. Hrg. p. 34).

At the sentencing, the Petitioner recalls that Judge Steele told him that he was facing 10 years to life and that there was no way he would receive only a five or six year sentence. (Trans. Evid. Hrg. p. 35). The Petitioner testified that Judge Steele gave him the opportunity to withdraw his plea and told him he could not raise these issues on a habeas petition. (Trans. Evid. Hrg. p. 35-36, 37). However, the Petitioner later testified that he did not understand that he could withdraw his guilty plea. (Trans. Evid. Hrg. p. 36). He did recall that he was given the opportunity to talk with his counsel about withdrawing his guilty plea. (Trans. Evid. Hrg. p. 37). A stressful discussion with Mr. Miller ensued, and the Petitioner understood that if he contested his plea, then he would not get a three point reduction for acceptance of responsibility, and that if he went to trial and lost, he was facing a life sentence. (Trans. Evid. Hrg. p. 37, 38, 46). The Petitioner testified that Mr. Miller told him that he

could not win at trial, that he would be facing a life sentence, and that he must enter a plea of guilty and accept responsibility or else Mr. Miller would put the Petitioner on the spot before the judge and use all of his resources to make sure that the Petitioner received a life sentence. (Trans. Evid. Hrg. p. 38-41). Mr. Miller also told the Petitioner at some point that he would withdraw from the case because the Petitioner failed to pay him the balance that was owed. (Trans. Evid. Hrg. p. 41-43). Mr. Miller did tell the Petitioner that if he went through with the guilty plea that the Government would recommend the low end of the guidelines. (Trans. Evid. Hrg. p. 43-44). The Petitioner testified that if Mr. Miller had not threatened him, he would have withdrawn his guilty plea. (Trans. Evid. Hrg. p. 44). The Petitioner claims that Mr. Miller coerced him into thinking that it was not in his best interest to withdraw his guilty plea. (Trans. Evid. Hrg. p. 44-45).

On cross-examination, the Petitioner admitted he had three convictions for drug related charges, and that if the Government filed an enhancement, he would get a life sentence. (Trans. Evid. Hrg. p. 46-47). The Petitioner testified that it was in his best interest to plead guilty without enhancements. (Trans. Evid. Hrg. p. 47). The Petitioner testified that he had nothing to lose because at 21 year sentence was a life sentence. (Trans. Evid. Hrg. p. 47).

### IV. Analysis

To prevail on a claim for ineffective assistance of counsel, a defendant must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Aragon-Cuera v. United States*, 2007 WL 2330832, *5 (M.D. Fla. 2007). The two-part test requires a defendant to demonstrate "that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure

prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. at 687-88)). If the claim does not satisfy the prejudice component, then the court need not make a ruling on the performance component. *Aragon-Cuera*, 2007 WL 2330832 at *5. The *Strickland* test "'applies to challenges to guilty pleas based on ineffective assistance of counsel' and that 'to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Pease*, 240 F.3d at 941 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

To determine if counsel's representation was adequate, it is "'strongly presumed'" that counsel "'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cruz v. United States*, 188 Fed.Appx. 908, 912 (11th Cir. 2006) (quoting *Strickland v. Washington*, 466 U.S. at 690). Counsel's representation must fall "below the wide range of competence demanded of attorneys in criminal cases. *Id.* (citing *Strickland v. Washington*, 466 U.S. at 688).

Counsel who represents a client who enters a plea of guilty owes a lesser duty to the client than if counsel represented the client through trial. *Cruz v. United States*, 188 Fed.Appx. at 913. Counsel still has a duty to review the evidence and make an informed decision when giving advice to his client about whether to enter a plea of guilty. *Id.* (citing *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994)). To prevail on collateral relief, "a petitioner must 'prove serious derelictions on the part of counsel sufficient to show that [her] plea was not, after all a knowing and intelligent act.'" *Id.* (citing *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985)).

The Petitioner did not establish that his counsel's assistance was inadequate nor did he establish that there was a reasonable probability but for counsel's alleged errors, he would have withdrawn his plea of guilty. The Petitioner's testimony at the hearing on May 14, 2008, was in conflict with the transcripts of his prior hearings. At the hearing on his plea of guilty, the Petitioner testified that he was satisfied with his counsel, that he had received no threats or coercion forcing him to enter the plea, and that he received no promises or representations that bore on his decision to enter a plea. The Petitioner never indicated at the hearing on the plea of guilty nor at the sentencing that his attorney coerced him in any manner. At the sentencing hearing, Judge Steele gave the Petitioner ample opportunity to withdraw his plea and to inform the Court that his counsel was coercing him into entering a plea. The Petitioner never raised these issues at the hearings.

At the hearing on the plea of guilty, this Court informed the Petitioner he was facing a sentence of a mandatory minimum of ten years up to life, and that his attorney could not be specific as to the guidelines range until he received the Presentence Report. The Court then told the Petitioner that he would not be able to withdraw his plea of guilty on the ground that his counsel's prediction for a sentence was inaccurate. At the sentencing hearing before Judge Steele, Judge Steele made it clear that the Petitioner was not going to receive a five or six year sentence. Judge Steele then allowed the Petitioner the opportunity to consult with counsel and to withdraw his plea of guilty. The Petitioner decided to continue with his plea of guilty. The Petitioner testified at the hearing on his §2255 motion that he did not understand that he was able to withdraw his plea. The transcript of the sentencing hearing clearly shows that the Petitioner understood he could withdraw his plea at that time, but chose not to.

The Petitioner also claimed that Mr. Miller never discussed the Presentence Report with him prior to sentencing. However, in the transcript of the sentencing hearing, the Petitioner testified that he had discussed the Presentence Report with his attorney. Judge Steele verified that they had conferred, and the Petitioner confirmed that he had discussed the Presentence Report with Mr. Miller.

The Petitioner's testimony conflicted with Mr. Miller's testimony. Mr. Miller consistently testified that the Petitioner would most likely not prevail at trial, and if he lost, he was facing a life sentence. Mr. Miller's strategy was to have the Petitioner enter a plea of guilty, receive a reduced sentence for acceptance of responsibility, and preserve certain objections to the Presentence Report for appeal. Mr. Miller may have pressed the Petitioner to accept the plea so that he would not receive a life sentence. The Petitioner claims that Mr. Miller coerced and threatened him into taking the plea. The Court finds no evidence in the transcript of the sentencing hearing to support the Petitioner's claim, and Mr. Miller's testimony was very credible.

The record is clear that Mr. Miller reviewed the evidence in this case and determined that there was a likelihood that the Petitioner would not prevail at trial, and would be sentenced to life in prison. Mr. Miller recommended that the Petitioner enter a plea of guilty without a plea agreement so that certain issues would be preserved for appeal. As a result of this advice, the Petitioner received 262 months incarceration. Mr. Miller's advice was not a serious dereliction of his duty to the Petitioner. Further, the Petitioner has not shown that Mr. Miller erred in his advice to the Petitioner, nor has the Petitioner shown but for Mr. Miller's advice not to withdraw his plea of guilty, that the Petitioner would have chosen to go to trial. By entering the plea of guilty, the Petitioner avoided a life sentence.

Therefore, it is respectfully recommended that the issue of ineffective assistance of trial counsel be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __9th__ day of June, 2008.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record