UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WARRICK LASHAWN LEVY

    Petitioner,

vs.               Case No. 2:07-cv-49-FTM-29DNF
                    Case No. 2:01-cr-86-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

   This matter comes before the Court on Warrick Lashawn Levy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1).[1] The United States filed a Response (Cv. Doc. #5) to which petitioner filed a Reply (Cv. Doc. #6). On February 20, 2008, the Court entered an Order (Cv. Doc. #7) referring one of the issues raised in petitioner's motion to the assigned magistrate judge for an evidentiary hearing. The magistrate judge appointed counsel (Cv. Doc. #8), conducted an evidentiary hearing, and filed a Report and Recommendation (Cv. Doc. #16) recommending that the claim be denied. Petitioner filed his Objections (Cv. Doc. #17) to the Report and Recommendation on June 19, 2008.

**I.**

  On September 5, 2001, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging

---

  [1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.," and will refer to the underlying criminal case as "Cr. Doc."

petitioner Warrick Lashawn Levy ("petitioner" or "Levy") with possession with intent to distribute fifty (50) or more grams of a mixture or substance containing a detectable amount of cocaine base, crack cocaine. (Cr. Doc. #1.) On December 5, 2001, petitioner entered a plea of guilty to this offense without benefit of a plea agreement. (Cr. Doc. #24.) On March 7, 2002, the Court sentenced petitioner to a 262-month term of imprisonment, to be followed by 60 months of supervised release. (Cr. Doc. #31.) Judgment (Cr. Doc. #32) was filed the same day.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #34) on March 11, 2002. On December 8, 2004, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction and sentence. United States v. Levy, 125 Fed. Appx. 269 (11th Cir. 2004). The United States Supreme Court vacated this opinion in light of United States v. Booker, 543 U.S. 220 (2005) and remanded for further consideration. Levy v. United States, 544 U.S. 902 (2005). On remand, the Eleventh Circuit Court of Appeals affirmed petitioner's sentence. (Cr. Doc. #54.) United States v. Levy, 154 Fed. Appx. 124 (11th Cir. 2005). The Supreme Court denied certiorari on January 23, 2006. Levy v. United States, 546 U.S. 1156 (2006). Petitioner filed this timely § 2255 motion on January 26, 2007.

Petitioner makes three main arguments in his § 2255 motion: (1) petitioner received ineffective assistance of counsel, both from his trial counsel, who coerced him through threats and intimidation to reaffirm his acceptance of the guilty plea, and from his appellate counsel, who failed to raise on appeal the issue of trial counsel's ineffective assistance; (2) petitioner is actually innocent of sentencing enhancement factors used to enhance

2

his sentence; and, (3) both trial and appellate counsel were ineffective because they failed to request that the district court make a factual finding that the controlled substance involved was actually "crack cocaine" prepared with sodium bicarbonate. (Cv. Doc. #1, pp. 4-8.) The Court will address the issues in turn.

**II.**

Petitioner raises issues related to the ineffective assistance of both his trial counsel and his appellate counsel. The applicable legal principles are well settled.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The United States Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of that which constitutes reasonable professional assistance. Strickland, 466

U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same standards that govern deficient performance and prejudice to the defendant apply to appellate counsel as well. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must then examine the merits of the claim omitted on appeal. If, on appeal, the omitted claim would have had a reasonable probability of success, then the deficient performance is deemed to have resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims omitted on direct appeal, however, do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**A.**

Petitioner claims that he received ineffective assistance because his trial counsel coerced him at sentencing to reaffirm his acceptance of the guilty plea. (Cv. Doc. #1, p.4.) This issue was referred to a magistrate judge, who held an evidentiary hearing and filed a Report and Recommendation (Cv. Doc. #16) recommending that the issue be denied. Petitioner, through counsel, filed objections (Cv. Doc. #17.)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall

4

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2006). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). Additionally, the district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Petitioner objects to the magistrate judge's findings that: (1) petitioner failed to carry his burden of showing that his counsel threatened and coerced him into retracting his motion to withdraw his guilty plea and reaffirming his guilty plea, and that absent such coercion petitioner would have withdrawn his guilty plea; (2) the testimony of petitioner's former attorney was more credible than petitioner's testimony; and, (3) the issue should be denied. (Cv. Doc. #17, p. 2.) These objections are overruled.

Having reviewed all of the relevant transcripts, including the guilty plea proceeding, the sentencing proceeding (over which the undersigned presided), and the § 2255 evidentiary hearing proceeding, the Court fully agrees with the magistrate judge's decision to credit the testimony of defense counsel over the testimony given by petitioner. Contrary to petitioner's suggestion, the magistrate judge was fully aware that petitioner had not met his fee commitment with defense counsel, since he specifically referred to this fact in the Report and Recommendation (Cv. Doc. #16, p. 8.) While petitioner asserts that this lack of

fee payment motivated defense counsel to coerce him into maintaining his guilty plea and to lie to the Court in his sworn testimony, neither the magistrate judge nor this Court finds such an argument persuasive. Thus, the Report and Recommendation, including the magistrate judge's credibility findings, is accepted and adopted by the Court, and petitioner's applicable claims of ineffective assistance of trial counsel are rejected.

Petitioner also claims that he received ineffective assistance because his appellate counsel failed to raise, on appeal, the issue of trial counsel's ineffective assistance for coercing petitioner to plead guilty under threat and intimidation. (Cv. Doc. #1, p. 8.) As discussed above, however, the Court finds petitioner's claims of ineffectiveness by trial counsel to lack merit. Nonmeritorious claims omitted on direct appeal do not constitute ineffective assistance of counsel. Diaz, 402 F.3d at 1144-45. Thus, petitioner's claim of ineffective assistance of appellate counsel, which is based upon appellate counsel's omission of what the Court has deemed to be a nonmeritorious claim, is rejected.

**B.**

Petitioner argues that he is actually innocent of the sentencing enhancement factors used to enhance his sentence. Petitioner asserts that several prior convictions for possession of controlled substances should not have been used in the calculation of his criminal history because although they were felonies in the State of Florida, they would not constitute felonious acts under the federal Controlled Substance Act. Petitioner asserts that this claim was not available on direct appeal because it is based on an intervening Supreme Court decision in Lopez v. Gonzales, 549 U.S. 47 (2006). (Cv. Doc. #1, p. 5.)

6

The Presentence Investigation Report reveals the following drug possession convictions which were scored as to Criminal History Category: a possession of marijuana (under 20 grams) misdemeanor from a December 29, 1992 arrest; a sale/manufacture/delivery or possession with intent to sell felony from a November 4, 1994 arrest; a possession of cocaine felony from a January 4, 1996 arrest; a possession of marijuana (under 20 grams) misdemeanor from a April 20, 1996 arrest; a possession of marijuana (under 20 grams) misdemeanor from a May 5, 1997 arrest; and a possession of cocaine felony from a March 7, 2000 arrest. Petitioner read the Presentence Investigation Report and discussed it with his attorney, and there were no objections to the facts in the report or the application of the Sentencing Guidelines.  (Cr. Doc. #51, pp. 6-7.)

Petitioner's "actual innocence" claim is premised on Lopez v. Gonzales, 549 U.S. 47 (2006), which held that conduct made a felony under state law but a misdemeanor under the federal Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" for purposes of the Immigration and Nationality Act.  In contrast to the immigration law, the Sentencing Guidelines provide that a defendant's criminal history be determined as specified in Part A of Chapter Four, U.S.S.G. § 1B1.1(f), which in turn assigns criminal history points based on the length of the prior sentences for each conviction, U.S.S.G. § 4A1.1.  Since this is not an immigration case, and there was no dispute that petitioner had been convicted of these offenses and that he had received the sentences indicated in the Presentence Investigation Report, petitioner was not "actually innocent" and the assigned points were properly used in the calculation of his Criminal

History Category. Therefore, this claim is rejected.

### C.

Petitioner asserts that his trial counsel and his appellate counsel provided ineffective assistance by failing to require the district court to make a factual finding that the controlled substance involved in the offense was crack cocaine prepared with sodium bicarbonate. Petitioner asserts that his attorneys never investigated or objected to the failure of the Court to make such a specific finding, and the government did not offer any facts to support a conclusion that the substance was crack cocaine, i.e., it contained the essential ingredient of sodium bicarbonate. (Cv. Doc. #1, pp. 6-7.)

There is a legal distinction between crack cocaine and the other forms of cocaine base. Initially, the Eleventh Circuit held that all forms of cocaine base were included under U.S.S.G. § 2D1.1(c). United States v. Rodriquez, 980 F.2d 1375, 1378 (11th Cir. 1992), cert. denied, 509 U.S. 907 (1993). Effective November 1, 1993, Note D to Sentencing Guideline § 2D1.1(c) was amended to provide that "cocaine base" means "crack" cocaine for purposes of the guideline. The Note further stated that, "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." Id. The Eleventh Circuit thereafter held that for sentences imposed on and after November 1, 1993, "cocaine base" included only crack cocaine, and any other form of cocaine base must be treated as cocaine hydrochloride for sentencing purposes. United States v. Munoz-Realpe, 21 F.3d 375, 377 (11th Cir. 1994); United States v. Camacho, 40 F.3d 349, 354 (11th Cir. 1994); Berry v. United States,

2008 WL 2447154 (11th Cir. 2008).

The record establishes that petitioner was charged in a one-count Indictment with possession with intent to distribute fifty (50) or more grams of a mixture or substance containing a detectable amount of cocaine base, crack cocaine. (Cr. Doc. #1.) At his guilty plea petitioner stated that he had read the Indictment and discussed it with his attorney (Cr. Doc. #27, pp. 4-5), and the magistrate judge twice informed petitioner he was charged with "knowingly and willfully possessing with intent to distribute 50 grams or more of crack cocaine . . ." (Id. at 8, 15.) The magistrate judge explained the elements involving "crack cocaine," which petitioner stated that he understood. (Id. at 15.) When asked what he did which made him guilty of the offense, petitioner said he "took 50 grams of cocaine to a Palm address, of crack." (Id. at 16.) When the magistrate judge asked, "You brought him the crack?" and, "you knew it was crack cocaine?" petitioner twice responded, "Yes, sir." (Id.) The magistrate judge also asked, "You knew it was crack and you were intending to sell it, though?" to which petitioner again responded, "Yes, sir." (Id. at 17.) The magistrate judge recommended that petitioner's guilty plea to Count One of the Indictment be accepted (Cr. Doc. #25), and the district court accepted the recommendation and adjudicated petitioner guilty of Count One of the Indictment (Cr. Doc. #28.) Thus, the record indicates both that the facts admitted by petitioner establish that the substance in question was crack cocaine, and that the Court adjudicated petitioner's guilt as to Count One, which charged possession of "cocaine base, crack cocaine." Therefore, petitioner's claim is without merit.

Accordingly, it is hereby

9

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation (Cv. Doc. #16), including the credibility findings, is **accepted and adopted**.

2. Warrick Lashawn Levy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Attorney's Office (Molloy)
John E. Fernandez, Esq.
Warrick Lashawn Levy